# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324  troylaw@troypllc.com  Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

August 3, 2020

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.
United States District Court          8/4/2020
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:   **Discovery Status Report &**
      **Request to Extend Post-Discovery Deadlines**
      *Huang v. Shanghai City Corp.*, No. 19-cv-07702 (LJL), (S.D.N.Y.)

Your Honor,

This office represents the Plaintiffs in the above-referenced matter. We write respectfully to report on the status of discovery prior to the upcoming deadline to complete discovery of August 22, 2020, and to request the extension of certain post-discovery deadlines in light of the most recent order setting the deadline to complete discovery at August 22, 2020. We have conferred with Defense counsel and he does not join in our request at this time, but reserves the right to oppose, or not, within a reasonable time.

### Procedural History

Discovery

On March 13, 2020, Your Honor set the following deadlines: completion of all fact discovery by July 20, 2020; pre-motion letters regarding dispositive motions by August 3, 2020; oppositions to such pre-motion letters by August 10, 2020; and status conference to be held August 17, 2020. *See* Dkt. No. 83.

On March 15, 2020, Your Honor advanced the fact discovery deadline to June 22, 2020, and the status conference to July 6, 2020, although these were characterized as adjournments. *See* Dkt. No. 85. On June 12, 2020, Your Honor extended the fact discovery deadline back to July 22, 2020, and adjourned the status conference to July 24, 2020. *See* Dkt. No. 116. On July 7, 2020, Your Honor adjourned the status conference *sine die*. *See* Dkt. No. 128.

On July 21, 2020, Your Honor extended the fact discovery deadline to August 22, 2020, in order to allow time for Defendants to cure various deficiencies in production (including the production of documents requested during deposition) and to allow time for Plaintiff's counsel to visit Defense counsel's office to inspect Plaintiffs' time cards, illegible copies of which had been produced. *See* Dkt. Nos. 133, 134.

At this time, therefore, the deadline to complete fact discovery, and the post-discovery deadlines from Your Honor's March 13, 2020 order stand as follows: completion of all fact

Hon. Lewis J. Liman, U.S.D.J.
August 3, 2020
*Huang v. Shanghai City Corp.*, No. 19-cv-07702 (LJL), (S.D.N.Y.)
Page 2 of 3

discovery by August 22, 2020; pre-motion letters regarding dispositive motions by August 3, 2020; oppositions to such pre-motion letters by August 10, 2020; and status conference not scheduled.

This schedule is, taking the original March 13, 2020 order as a template, upside-down and backwards. All the post-discovery deadlines fall after the current discovery deadline, and the status conference is not currently scheduled.

Collective & Class Action

Plaintiffs moved for conditional collective certification and facilitation of notice on June 15, 2020; that motion was fully briefed as of July 27, 2020. *See* Dkt. Nos. 117–119, 124–127, 135–136. Plaintiffs have pleaded class claims.

**Status Report**

Discovery

The following Plaintiffs have been deposed: Gloria Perez Mendez, Aragon Cruz, Clara Flores, Reyes Perez Guerrero, Maximino Raymundo, Lianqin Lu, and Haihua Zhai. Despite the best efforts of counsel, Huer Huang, Hui Zhen, and Juan Li did not present themselves for deposition. The following Defendants have been deposed: Yiu Fai Fong, Joseph Si, Gui Bing Shi, Tun Ye Lam, and William Ko.

As planned, Plaintiffs' counsel visited Defense counsel's office on Sunday, August 2, 2020 and inspected the original time cards. All of the original time cards were found to be legible to the naked eye; illegibility of the copies produced was attributed to the failure of Defense counsel's scanner to scan faintly-printed, and in particular faintly-printed red, ink in black-and-white. Counsel discussed several possible solutions, including (in order from most to least likely to produce legible copies, and thus in order to attempt): copying the paystubs using a color copier; copying the paystubs with higher contrast; and photographing the paystubs.

Defense counsel indicated that he would know whether copying the paystubs on a color copier would produce legible copies by Wednesday, August 5, 2020; and if so, copies would be produced by August 7, 2020. Counsel agreed that if no method of copying successfully produced legible copies, counsel would re-examine the original time cards in person and stipulate to their contents specifically.

Today, during our meet-and-confer regarding this letter, Defense counsel indicated that he would not be able to make legible copies with any means in his office. He proposed that the parties hire an outside service to make legible copies and to share the cost. We did not agree, and proposed instead that he deliver us the original timecards for copying, because we had had success correcting similar illegibility errors with equipment (primarily a color copier/scanner) in our office. We proposed in the alternative that if Defense counsel wished to hire an outside service, that Defendants bear the cost. The parties are continuing to confer as to the best method for production.

Collective & Class Action

Hon. Lewis J. Liman, U.S.D.J.
August 3, 2020
*Huang v. Shanghai City Corp.*, No. 19-cv-07702 (LJL), (S.D.N.Y.)
Page 3 of 3

Plaintiffs' motion for conditional collective certification is currently pending before the Court. In addition to the named Plaintiffs' affidavits, Plaintiffs have produced in support of their motion the affidavits of the following persons who are interested in opting into this case: Baofu Yan, Guoliang Xu, Zhenghua Wang, Jianguo Zhao, Guang Qing He, Shun Hai Zhang, Qun Chen, and Daniel Jiminez. None of these persons have been noticed or subpoenaed for deposition, and none has been deposed. Should Plaintiffs' motion be granted, in whole or in part, the Court will need to designate a notice period during which notice will be distributed to the collective members and during which collective members will be permitted to opt in. We anticipate needing to make further document requests with respect to any opt-ins. For this reason, further requests for the extension of the discovery deadline are likely. However, the exact effect of Plaintiffs' pending collective certification motion on pending deadlines is unknown at this time, and will remain unknown until the Court issues a decision.

Plaintiffs also intend to make a class certification motion as a dispositive motion following the close of discovery, relying on the documents produced and testimony elicited with respect to the numerous Plaintiffs in this case as well as on the affidavits of Baofu Yan et al.

Summary Judgment

We anticipate that Defendants will seek to make a summary judgment motion.

**Requests of the Court**

For the reasons stated above, we respectfully request that the Court extend the deadlines for pre-dispositive motion letters, and oppositions thereto, *sine die*. We further propose that at the same time it issues its Order regarding Plaintiffs' pending motion for conditional collective certification, the Court schedule a telephone conference for the purpose of 1) determining whether any further adjournments of the discovery deadline are necessary; 2) re-scheduling the parties' deadlines to submit pre-dispositive motion letters and oppositions thereto; and 3) scheduling a further status conference following the submission of pre-dispositive motion letters and oppositions thereto.

We thank the Court for its attention to and consideration of this matter.

Respectfully submitted,
TROY LAW, PLLC

*/s/ Aaron B. Schweitzer*
Aaron B. Schweitzer
*Attorney for Plaintiffs*

cc: via ECF
all counsel of record