USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
HUER HUANG, et al., :
:
:
Plaintiffs, :
: 19-cv-7702 (LJL)
-v- :
: ORDER
:
SHANGHAI CITY CORP, et al., :
:
Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The Court has before it several motions. First, Defendants have moved for clarification of the Court's October 1 Opinion and Order conditionally certifying an opt-in class of non-exempt employees at Joe's Shanghai's Flushing Restaurant (the "Flushing Restaurant") under the Fair Labor Standards Act ("FLSA"). Dkt. No. 150. Second, Plaintiffs' counsel has moved to withdraw as attorney for named plaintiff Juan Li, who has refused to communicate with counsel or to respond to interrogatories. Dkt. No. 151. Defendants have moved for discovery sanctions for Li's non-compliance. Dkt. No. 154. Finally, Plaintiffs have moved for reconsideration of the Court's October 1 Opinion and Order in so far as it declined to certify conditionally a FLSA collective of employees from Joe's Midtown Restaurant (the "Midtown Restaurant"). Dkt. No. 156.

## DISCUSSION

A. <u>Request for Clarification</u>

      Defendants have requested clarification regarding the scope of the conditional collective

class of employees at the Flushing Restaurant. The Court determined in its opinion that Plaintiffs Cruz and Raymundo could represent a conditional class of employees. Cruz and Raymundo both worked in the kitchen at the Flushing Restaurant and put forward the names of other kitchen employees they alleged had suffered FLSA violations with respect to their compensation. Neither Cruz nor Raymundo put forth the names of any wait staff or delivery workers who might have been subjected to similar violations. Thus, the Court made no finding that there were any Flushing employees other than kitchen workers who were similarly situated to Cruz and Raymundo and who thus would be eligible for notice of the conditional class.

In the decretal portion of the order, however, the Court included in the certified class "all nonexempt current and former employees . . . who performed work as non-exempt, non-managerial employees from August 16, 2016 to present at the Flushing Restaurant." Dkt. No. 149 at 39 (quotation omitted). As Defendants observe, this language could be interpreted to include workers at the Flushing Restaurant who worked outside of the kitchen. Such language is thus not in keeping with the Court's conclusions.

Therefore, Defendants request for clarification is granted. The Flushing conditional collective class shall be limited to nonexempt, non-managerial current and former kitchen workers at the Flushing Restaurant. The Court will issue an accompanying amended opinion modifying the decretal language at the end of the opinion.

B. Discovery Sanctions and Motion to Withdraw

On October 14, 2020, Plaintiffs' counsel filed a motion to withdraw from representation of Juan Li and an accompanying memorandum of law. Dkt. Nos. 151. The following day, Defendants filed a letter motion for a discovery sanction of dismissal against Li. Dkt. No. 153.

Li failed to appear for an earlier deposition scheduled for June 2, 2020.  Dkt. No. 149 at 6.  As a result, Defendants moved for monetary sanctions and dismissal of Li's claims.  *Id*.  The Court granted the monetary sanctions, but allowed Li one more chance to respond to Defendants' interrogatories by October 14.  *Id*. at 7.  Li failed to do so.  According to Plaintiffs, Li became uncooperative and unreachable.  Dkt. No. 153 at 1.  Li has relocated to China and blocked Plaintiffs' counsel from contacting her, stating: "I am in China please, I will not make any response, please do not send messages again."  Dkt. No. 152 ¶¶ 17-21.

Rule 37 permits dismissal of a civil action for failure "to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2).  Dismissal with prejudice, however, is "a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-complaint litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).  The factors to be considered when determining whether to dismiss an action with or without prejudice include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance. *Id.* (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).  Withdrawal from representation can be permitted when "the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.,* 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011).  A court must also consider whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel," *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *3 (quoting *Whiting v. Lacara*,

187 F.3d 317, 320-31 (2d Cir. 1999), as well as whether there is any "likely prejudice to the client." *Id*. (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010).

Plaintiffs' counsel observes that Li's non-compliance may be due to factors beyond her control due to the pandemic and the fact that she no longer resides in the United States. Dkt. No. 157 at 2-3. It may be impracticable for her to continue to participate in the litigation. Counsel notes that Li is not sophisticated and although Li knew of her obligation to respond to discovery and did not comply with that obligation, it is not clear that Li knew that dismissal with prejudice would be the consequence and that counsel has been unable to explain that to her. *Id.* Counsel urges that any dismissal be without prejudice.

The Court concludes that lesser sanctions will be unlikely to compel compliance but will give Li one last chance. Dismissal without prejudice will not be a sufficient sanction, as Li will remain capable of rejoining the case at some later time. Nor are financial sanctions likely to be sufficient as Li likely lacks the means to pay them. At the same time, the Court takes to heart the notion that Li should have clear warning of the consequences of her non-compliance. The Court will allow Li six weeks from the date of this Order to respond to the interrogatories. If she has not responded by November 30, 2020, the Court will entertain a renewed motion to dismiss her claim with prejudice either as a sanction or for failure to prosecute. Plaintiffs' counsel will continue to represent Li until at least after the six weeks have run from the date of this Order. The motion to withdraw is denied without prejudice to renewal after six weeks have expired.

C. Motion for Reconsideration

Plaintiffs have moved for the Court to reconsider the portion of its October 1, 2020 Order in which it declined to certify conditionally an FLSA class of employees at the Midtown

4

Restaurant. Dkt. No. 156. The Court held that named plaintiff kitchen workers were not similarly situated to the potential opt-in deliverymen for several reasons. First, the named plaintiffs all ceased working at the Midtown Restaurant prior to the earliest date for which an opt-in might be able timely to allege a FLSA violation and Plaintiffs put forth no evidence that the unlawful policy continued into the period for which the claims would be ripe. Dkt. No. 149 at 24. Second, the job requirements and pay provisions alleged with respect to the deliverymen were different from those of the named plaintiffs, all of whom worked in the kitchen. *Id*. at 25. Plaintiffs ask the Court to revisit its holding and to find that the named plaintiffs were similarly situated to the opt-in plaintiffs because they both were alleged to have worked off the clock for hours for which they were not paid.

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration may also be granted in order to "correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

The Court denies the motion for reconsideration. The Court has already addressed this issue in its opinion and concluded that the allegations of the potential opt-ins were not sufficiently similar to those of the named plaintiffs to warrant conditional certification of a class.

Dkt. No. 149 at 21-26.  Plaintiffs motion does not raise any new issue that was not duly considered and addressed in the Court's October 1 Opinion.

    SO ORDERED.

Dated: October 19, 2020
       New York, New York

                                        LEWIS J. LIMAN
                                   United States District Judge