# FONG & WONG, P. C.
*ATTORNEYS AT LAW*
254 CANAL STREET, SUITE 2002, NEW YORK, NEW YORK 10013

(212) 966-6668
(212) 334-6759 (FAX)

*ADMITTED TO NEW YORK & NEW JERSEY

EDMOND J. FONG, ESQ.
ROBERT W. WONG, ESQ.*
DAVID B. HOROWITZ, ESQ.

December 1, 2020

**VIA ECF**
Hon. Lewis J. Liman, District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15C
New York, New York 10007

Re: Renewed Motion to Dismiss Plaintiff Juan Li's Claim with Prejudice as Sanction for Noncompliance with Discovery Orders and Failure to Prosecute
*Huang et. al. v. Shanghai City Corp. et.al.*, 19-cv-07702

Honorable Judge Liman:

  I represent Defendants in this FLSA / NYLL action and write the instant letter motion pursuant to this Court's Order dated October 19, 2020 (Doc 159) for an order (A) renewing the motion to dismiss the claims of Plaintiff Juan Li with prejudice for unilaterally canceling and failing and refusing to attend her adjourned deposition on June 2, 2020 as previously noticed, for failing and refusing to respond to Defendants' First Set of Interrogatories on or before October 14, 2020 as directed by the Court (Doc 149) and for failing and refusing to respond to Defendants' First Set of Interrogatories on or before November 30, 2020 as further directed by the Court (Doc 159), (B) dismissing the claims of Plaintiff Juan Li with prejudice for failing to prosecute her action, and (C) directing that Plaintiff's counsel be jointly responsible for the $3,300.00 in attorney's fees incurred and awarded in connection with Li's improperly canceled deposition and the motion for protective order, Doc 149, (D) directing Plaintiff Li and/or her attorney to reimburse / pay our office for attorney's fees on the instant motion in the total amount of $2,200.00 and ( E) granting such other and/or alternative relief that the Court shall deem just and proper under the circumstances.

  On February 13, 2020, Defendants served a First Set of Interrogatories to Plaintiffs and First Set of Document Requests to Plaintiffs, Docs 107-28, 107-29 and 107-30.  On June 8, 2020, Defendants moved for an order, among other things, dismissing the claims of Plaintiff Juan Li for unilaterally canceling and failing and refusing to attend her adjourned deposition on June 2, 2020 as previously noticed, and dismissing the Corrected Amended Complaint because Plaintiff Juan Li and others failed to respond to Defendants' First Set of Interrogatories to Plaintiffs and failed to respond to Defendants' First Set of Document Requests to Plaintiffs, Doc 107.  The same day, Plaintiffs' counsel filed opposition to Defendants' motion stating, among other things, that counsel interviewed Juan Li and has her responses drafted, that Li needs to sign to verify her interrogatory responses before they can be sent, that Li is in China and that counsel expects to

have her verification shortly, Doc 108, p. 1.  Thus, counsel argued that since he expected to have Li's signed interrogatory responses shortly, the motion to dismiss would be moot and granting any other sanctions would not be necessary, id.  By Order dated June 10, 2020, the Court construed Plaintiffs' opposition regarding the depositions of Plaintiff Li and others as a motion for a protective order, and directed Plaintiff Li to respond to Defendants' document requests and interrogatories no later than July 3, 2020 (Doc 109).  On June 12, 2020, Defendants filed opposition to Plaintiffs' motion for protective order, as directed (Doc 115).

On October 1, 2020, this Court denied Plaintiffs' motion for protective order, finding that Plaintiffs' counsel unilaterally canceled Li's deposition stating "we will not be presenting . . . Li," without seeking a protective order, (Doc 149, p. 6).  The Court concluded that counsel was not justified in unilaterally cancelling Li's deposition without the permission of the Court, and noted that the communications presented to the Court suggest that counsel may be more at fault than the plaintiffs themselves, (Doc 149, p. 7 – 8).  The Court awarded Defendants monetary costs against Plaintiffs for their failure to produce Li and others for their depositions, however, the Court declined to impose the severe sanction of dismissal, noting that Defendants have not shown that Plaintiffs themselves are unwilling to be deposed again nor that Plaintiffs have interfered deliberately with the progress of the litigation, id. at 6 - 8 and 38.

In fact, Plaintiffs' counsel was in communication with Li and had that knowledge as early as June 10, 2020 but failed to share it with Defendants or the Court.  Plaintiff's counsel acknowledges that he reached out to Juan Li on June 10, 2020 via WeChat, that Juan Li responded but then abruptly cut off communication by "blocking our contact via WeChat later that day" (Doc 152, par.s 17 – 18).  Counsel acknowledges he received a text message from Juan Li stating "I am in China please, I will not make any response, please do not send messages again" (id. at par. 19; Doc 152-4).  Clearly, counsel knew in June 2020 that his client Li – a Named Plaintiff - was unwilling to sign interrogatory responses, be deposed or cooperate in any way with the litigation.  Yet counsel failed to disclose this information to Defendants or the Court for four months – until October 14, 2020 when counsel moved to withdraw as Li's attorney (Doc 152).  Nor did counsel seek to amend his opposition to sanctions / motion for protective order that he filed on June 8, 2020 to include this relevant information concerning his client's refusal to respond to interrogatories and participate in the litigation (Doc 108).

Instead, counsel continued to represent "we were not able to get in touch with Plaintiff Juan Li" (Doc 152-5, email dated July 1, 2020), although counsel was in touch and did communicate with Li in June 2020.  This is not a case of a client merely failing to remain in communication with her attorney, but Plaintiff Li telling her attorney that she refuses to cooperate with the litigation and that her attorney should stop contacting her and sending her messages.

Plaintiff Li failed to respond to Defendants' interrogatories by the July 3, 2020 due date.  Relying on counsel's uncorrected and no longer true claim that they await only Li's signature to verify the responses and expect to be able to send those responses shortly, in the Order dated October 1, 2020, the Court directed Plaintiff Li to respond to Defendants' interrogatories by October 14, 2020 and stated that if Li fails to respond within that deadline, Defendants may move again for discovery sanctions, Doc 149, pp. 8 and 38.  In fact, counsel knew that Plaintiff

Li's failure to respond was willful and was part of her refusal to cooperate in the litigation and prosecute her action.

Again, Plaintiff Li failed to serve interrogatory responses by October 14, 2020 as directed.  On October 15, 2020, Defendants moved for an order (A) dismissing the claims of Plaintiff Juan Li with prejudice for unilaterally canceling and failing and refusing to attend her adjourned deposition on June 2, 2020 as previously noticed, and for failing to respond to Defendants' First Set of Interrogatories on or before October 14, 2020 as directed by the Court (Doc 149), and (B) dismissing the claims of Plaintiff Juan Li with prejudice for failing to prosecute her action, Doc 154.  Plaintiff's counsel opposed Defendants' motion to dismiss "NonResponsive Plaintiff" Juan Li with prejudice and/or for other sanctions, pointing to counsel's motion filed the previous day to withdraw as counsel, Li's non-cooperation with counsel and "a total breakdown of the attorney-client relationship since October 15, 2020" - including Li's "unnoticed departure to China followed by breakdown of WeChat communication", Doc 157, p. 1.  What counsel failed to clarify is that the "total breakdown" had been on-going since June 2020, when so-called "NonResponsive Plaintiff" Li sent him a text message stating "I will not make any response, please do not send messages again" (Doc 152, par. 19; Doc 152-4).  Counsel knew since June 2020 that Plaintiff Li was unwilling to sign interrogatory responses, be deposed or cooperate in any way with the litigation.  Counsel offers baseless speculation without explanation that Plaintiff's current residence in China "may play a role in her inability to fully comply with the Court's response at this moment", Doc. 157, p. 1.  Counsel further acknowledges that his speculation concerning the pandemic is nothing but speculation – "we do not know whether due to the pandemic she will not response", id. at 2.

In the Order dated October 19, 2020 (Doc 159), the Court observed that dismissal without prejudice will not be a sufficient sanction, as Li will remain capable of rejoining the case at some later time - nor are financial sanctions likely to be sufficient as Li likely lacks the means to pay them.  If counsel had shown more candor and clarified the simple objective fact from the outset – in June 2020 - that Plaintiff Li had communicated her intention not to make or sign any response to interrogatories and had instructed her attorney not to send messages to her again – multiple motions and Orders could have been avoided.  In the absence of such timely and candid disclosure from counsel as to his client's expressed intention and desire not to participate in this litigation, the Court deemed it appropriate that Li should have clear warning of the consequences of her non-compliance and allowed Li until November 30, 2020 to respond to the interrogatories.  The Court stated that if Li has not responded by November 30, 2020, the Court will entertain a renewed motion to dismiss her claim with prejudice either as a sanction or for failure to prosecute.

Again, Plaintiff Li failed to serve interrogatory responses by November 30, 2020.  Li has defaulted in her obligation to answer interrogatories as well as her obligation to attend a deposition.  Plaintiff's default is of her own volition and not beyond her control – not due to pandemic – and not because she now resides in China.  Accordingly, Plaintiff Li's claims should be dismissed under FRCP 37(b) and Defendants request that such dismissal be with prejudice.

Further, in view of Plaintiff Li's willful failure to prosecute her action and/or her failure and refusal to comply with this Court's Orders, Plaintiff Li's claims should be dismissed with

prejudice and operate as an adjudication on the merits pursuant to FRCP 41(b). Defendants should not be subject to any future lawsuit by Plaintiff Li related to these claims.

Further, Defendants request that Plaintiff's counsel be jointly responsible for the $3,300.00 in attorney's fees incurred and awarded in connection with the Li's improperly canceled deposition and the motion for protective order, as counsel shared the fault necessitating those motions, Doc 149, pp. 7 – 8.

Finally, Plaintiff Li and her attorneys should be required to pay Defendants $2,200.00 in attorney's fees for having to renew the instant motion for sanctions. Counsel's failure to disclose from June until October – a period of 4 months - his client's expressed intention not to respond to interrogatories – and not to cooperate in this litigation - or prosecute her action – needlessly resulted in multiple motions – including the instant motion. On November 30 and December 1, 2020, David Horowitz spent 8 hours reviewing the prior motions and Orders and drafting the instant motion for discovery sanctions and to dismiss with prejudice for failure to prosecute. His customary billing rate in the firm is $275.00/hour.

We thank the Court for its consideration and attention to this matter.

Sincerely,
Fong & Wong, PC

/s/ David B. Horowitz
By: David B. Horowitz, Esq. (1890)
*Attorneys for Defendants*
SHANGHAI CITY CORP. d/b/a Joe's Shanghai,
EAST BROTHER CORP. d/b/a Joe's Shanghai,
SHANGHAI ORIGINAL, INC. d/b/a Joe's Shanghai,
KIU SANG SI a/k/a Joseph Si a/k/a Joe Si,
YIU FAI FONG, TUN YEE LAM a/k/a Peter Lam
GUI BING SHI and WILLIAM KO
254 Canal Street, Suite 2002
New York, New York 10013
(212) 966-6668
Fax: (212) 334-6759
Email: rww@fwatty.com
dh@fwatty.com

cc: All Counsel of Record (via ECF)