```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
            :
HUER HUANG, et al.,         :
            :
            :
            Plaintiffs,       :
            :                 19-cv-7702 (LJL)
    -v-     :
            :                 ORDER
            :
SHANGHAI CITY CORP, et al.,  :
            :
            Defendants.       :
            :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The Court has before it a letter motion for discovery sanctions against Plaintiff Juan Li, Dkt. No. 160, and Plaintiff's response. Dkt. No. 163. For the following reasons, the Court grants Defendants' request that Li's case be dismissed with prejudice. Defendants' request that Plaintiff's counsel be held jointly and severally liable for the $3,300.00 sanction the Court imposed on Plaintiffs in a previous order is denied. Dkt. No. 149 at 38. Defendants' request for additional monetary sanctions for time spent in preparing the instant motion is also denied.

Li has repeatedly refused to comply with the orders of this Court regarding discovery as well as with discovery requests properly served by defense counsel. On February 13, 2020, Defendants served interrogatories and document requests on Plaintiffs. Dkt. No. 107 at 4. Li failed to respond to Defendants' requests. *Id*. On February 18, 2020, Defendants served a deposition notice on Li, scheduling her deposition for June 2, 2020. *Id*. at 3. On May 27, 2020, Plaintiff unilaterally cancelled the deposition, stating "we will not be presenting . . . Li." *Id*. From that point onward, Plaintiffs refused to produce Li for a deposition, arguing that Defendants were not entitled to depose her. Dkt. No. 149 at 6-7.

By order of June 10, 2020, I ordered her to respond to Defendants' document requests and interrogatories no later than July 3, 2020. Dkt. No. 109. Li failed to comply.

By order of October 1, 2020, I imposed discovery sanctions on Li for her failure to appear for deposition. I also ordered her to respond to the interrogatories by October 14, 2020. Dkt. No. 149. Li once again failed to comply with the Court's order.

By order dated October 19, 2020, the Court gave Li a final opportunity to comply with her obligations and the Court's orders. Dkt. No. 159. I gave Li six weeks from the date of the order to respond to the interrogatories. The Court stated in its order that, if she did not respond by November 30, 2020, the Court would entertain a renewed motion to dismiss her claim with prejudice either as a sanction or for failure to prosecute. *Id.* at 4. Li failed to comply.

Defendants ask that Li's claims be dismissed with prejudice under Federal Rule of Civil Procedure 37(b). Under that rule, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). A district court has "wide discretion in sanctioning litigants appearing before" it. *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 177 (2d Cir. 2008) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)). However, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault' by the non-complaint litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).

The Court finds that dismissal with prejudice is appropriate here. The Court has given Li numerous opportunities to comply with the Court's orders and her discovery obligations in this case. Having become fully unresponsive, both to the Court's orders and Defendants' discovery

requests, the harsh sanction of dismissal with prejudice is warranted. Li chose to join the lawsuit and has now denied Defendants the discovery necessary to defend the case. She has blithely ignored the Court's directives. Through her silence in response to her own counsel's attempts to contact her, Li has expressed her intent no longer to prosecute her claims. The Court has given Li many chances. No other sanction sufficiently vindicates the Court's authority; no other sanction would assure her compliance with her discovery obligations or the Court's orders.

Defendants further request that Plaintiffs' counsel be held jointly responsible for the $3,300.00 in costs that the Court imposed on Plaintiffs in its October 19, 2020 order. Dkt. No. 158 at 38. The request is denied. The costs should be paid by Li who failed to appear.

Additionally, Defendants ask that the Court impose an additional $2,200 in attorney's fees for having to renew the motion for sanctions. Dkt. No. 160 at 4. This request is denied. Rule 37(a)(5)(A) makes payment of attorney's fees mandatory, but only for motions for discovery, not for motions for sanctions. Although the Court may have the authority to impose sanctions for a frivolous opposition to a motion for sanctions, the Court does not find that counsel's advocacy for his client was improper. Therefore, Defendants' request for additional sanctions is denied.

The Court previously denied Plaintiffs' counsel motion to withdraw from the representation of Li, noting the prejudice to the Defendants from granting the motion while the motion for sanctions was still outstanding. That issue having been resolved, Plaintiffs' counsel may renew its motion to withdraw by December 23, 2020.

SO ORDERED.

Dated: December 9, 2020
      New York, New York

                                              LEWIS J. LIMAN
                                      United States District Judge