UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No. 19-cv-07702-LJL
HUER HUANG,
LIANQIN LU,
GLORIA PEREZ MENDEZ,
CLARA FLORES,
REYES PEREZ GUERRERO,
ARAGON CARDOSO CRUZ, and
MAXIMINO RAYMUNDO,
*on behalf of themselves, and on behalf others similarly situated in the Proposed FLSA Collective and Potential Rule 23 Class*
HUI ZHEN HUANG,
JUAN LI, and
HAI HUA ZHAI,
*on behalf of themselves, and on behalf of others similarly situated in the Potential Rule 23 Class*
                              Plaintiffs,

            -against-

SHANGHAI CITY CORP d/b/a Joe's Shanghai;
SHANGHAI DUPLICATE CORP d/b/a Joe's Shanghai;
EAST BROTHER CORP d/b/a Joe's Shanghai; and
SHANGHAI ORIGINAL INC. d/b/a Joe's Shanghai;
KIU SANG SI a/k/a Joseph Si, a/k/a Joe Si,
YIU FAI FONG, TUN YEE LAM a/k/a Peter Lam,
GUI BING SHI, SOLOMON C. LIOU, MIMI SI,
WILLIAM KO, LILLIAN LIOU, CHENG KUENG LIU,
YUN CAI, JOHN ZHANG, and TERRY HO,
                              Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO APPROVE PLAINTIFFS' VOLUNTARY DISMISSAL OF CO-
DEFENDANT MIMI NENG NAMED HEREIN AS MIMI SI AND STRIKING THE
JURY DEMANDS**

                              Robert W. Wong, Esq.
                              David B. Horowitz, Esq.
                              FONG & WONG and WU, PLLC
                              Attorney for Defendants
                              802 64th Street, Suite 2A

1

        Brooklyn, New York 11220
        (718) 567-8888
        [rww@fwatty.com](mailto:rww@fwatty.com),
        rwong@fwwlawyers.com
        [dh@fwatty.com](mailto:dh@fwatty.com)
        [dh@fwwlawyers.com](mailto:dh@fwwlawyers.com)

## I.     PRELIMINARY STATEMENT

Defendants move for an Order (A) pursuant to FRCP 41(a)(1)(A)(ii) approving Plaintiff's voluntary dismissal of Defendant Mimi Neng named herein as Mimi Si, if Court approval is deemed necessary, (B) pursuant to FRCP 38 and 39(a)(1) striking the jury demands and (C) for such other and further relief as may be just and proper in the premises.

## II.     STATEMENT OF FACTS

Plaintiffs bring this FLSA / NYLL action to recover alleged unpaid minimum wage, overtime, liquidated damages, attorney's fees and other relief on behalf of themselves and an FLSA collective.  The facts are more fully set forth in the accompanying Declaration of David B. Horowitz dated June 7, 2022 and the exhibits, papers and documents referred to therein.

### Prior Proceedings

Plaintiffs commenced this action by filing the original complaint on August 16, 2019 (Doc 1).  On August 23, 2019, Plaintiff filed a First Amended Complaint ("FAC") (Doc 6).  On November 18, 2019, the Shanghai Defendants filed their Answer to the FAC (Doc 41).  Co-Defendant LILIAN LIOU filed an Answer to the FAC on December 5, 2019 ( Doc 48).  None of the foregoing pleadings contained a jury demand.

On December 16, 2019, the Troy Law Office served and filed a Joint Proposed Civil Case Management Plan and Scheduling Order (Doc 50).  Paragraph 10 of the Joint Proposed Civil Case Management Plan and Scheduling Order states "[t]his case is not to be tried to a jury." On December 19, 2019, Judge Schofield issued a Case Management Plan and Scheduling Order (Doc 57).  Paragraph 10 of the Case Management Plan and Scheduling Order states "[t]his case is not to be tried to a jury" (Doc 57).

Thereafter, on January 17, 2020, co-Defendant Mimi Neng, named herein as Mimi Si, filed an Answer to the FAC containing a jury demand (Doc 62).  Thereafter, on April 24, 2020, the Troy Law Office filed a purported Demand for Jury Trial on behalf of Plaintiffs ( Doc 89).

Pursuant to a motion by Shanghai Defendants to dismiss portions of the FAC, on May 11, 2020, Judge Liman rendered an Opinion and Order dismissing all claims against Chinatown Defendants Shanghai Duplicate Corp., Lillian Liou, Cheng Kueng Liu, Yun Cai, John Zhang, and Terry Ho based on Plaintiffs' failure to allege an employment relationship between said Chinatown Defendants and Named Plaintiffs who worked solely at the Midtown or Flushing restaurant locations (Doc 93).  The Court further directed Plaintiffs to file a corrected complaint with properly numbered paragraphs without making any changes to the wording of the FAC (Doc 93).

Plaintiffs filed the Corrected Amended Complaint ("CAC") on May 21, 2020 (Doc 103). Shanghai Defendants filed their Answer to the CAC on June 1, 2020 (Doc 105).  On June 11, 2020, Mimi Neng / Mimi Si, filed an Answer to the CAC containing a jury demand (Doc 114).

The relevant allegations against Mimi Si in the CAC are set forth in paragraphs 58 and 59, as follows:

> 58. MIMI SI and New York Division of Alcoholic Beverage Control Principal for SHANGHAI CITY CORP d/b/a Joe's Shanghai, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SHANGHAI ORIGINAL, INC. d/b/a Joe's Shanghai, EAST BROTHER CORP. d/b/a Joe's Shanghai, SHANGHAI CITY CORP d/b/a Joe's Shanghai, SHANGHAI DUPLICATE CORP d/b/a Joe's Shanghai.

> 59. MIMI SI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with SHANGHAI ORIGINAL, INC. d/b/a Joe's Shanghai, EAST BROTHER CORP. d/b/a Joe's Shanghai,

4

SHANGHAI CITY CORP d/b/a Joe's Shanghai, SHANGHAI DUPLICATE CORP d/b/a Joe's Shanghai.

Paragraph 58 of the CAC contains a recitation of the elements of the economic reality test for determining whether an employer – employee relationship exists between the parties (see Irizarry v Catsimatidis, 722 F.3d 99 (2d Cir. 2013) (employing economic reality test) – and alleges that Mimi Si satisfies each of those elements of the economic reality test.  Mimi Si denies the allegations in paragraph 58 (Doc 114, ¶58).  Paragraph 59 of the CAC alleges that Mimi Si is an employer pursuant to FLSA and NYLL.  Mimi Si denies the allegations in paragraph 59 (Doc 114, ¶59).

Mimi Si asserts throughout her Answer to the CAC – and as a separate Affirmative Defense - that she "was not a covered employer of Plaintiffs within the definitions set forth by the Fair Labor Standards Act and New York Labor Law" (Doc 114, ¶¶259, 263, 265, 270 – 273, 277 – 279, 285, 287 – 292, 295 – 297, 300 and 325).

Shanghai Defendants deny the allegations in paragraphs 58 and 59 of the CAC that Mimi Si satisfied the elements of the economic reality test for determining whether she is an employer – and Shanghai Defendants deny that Mimi Si is an employer under FLSA / NYLL (Doc 105, ¶¶58 and 59).

Plaintiffs moved for conditional collective class certification under the FLSA and on or about October 1, 2020 the Court issued an Order (Doc 149) and on October 19, 2020 (Docs 158 and 159) a revised Order certifying a conditional collective action of Flushing kitchen workers. On February 12, 2021, two Flushing employees, Alberto Saldivia ("Saldivia") (Doc 167) and Bingbo Xu ("Xu") (Docs 168 and 169) opted in to the Flushing kitchen collective.

### III. ARGUMENT

**a. Plaintiffs' Voluntary Dismissal of Defendant Mimi Si Without Prejudice Does Not Require Court Approval – And If Approval Is Required, The Court Should Approve It**

**i. The Applicable Legal Standard**

Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court to take effect to prevent abuses in FLSA settlements by unscrupulous employers and remedy the disparate bargaining power between employers and employees; Cheeks v Freeport Pancake House, Inc., 796 F.3d 199, 206 – 207 (2d Cir. 2015).

**ii. The Voluntary Dismissal of Mimi Si Without Prejudice**

After completion of discovery, there is no evidence that Mimi Neng / Mimi Si was any Plaintiff's employer or acted as any Plaintiff's employer within the meaning of the FLSA / NYLL. To the contrary, discovery revealed that Mimi Si had no involvement in the management of the Midtown restaurant other than holding the Midtown liquor license and that Mimi Si had no involvement in the management of the Flushing restaurant.

On September 3, 2020, Plaintiffs pursuant to FRCP 41(a)(1)(A)(ii) filed a stipulation voluntarily dismissing Defendant Mimi Si without prejudice (Doc 146). The docket entry dated September 3, 2020 reflects that the stipulation of voluntary dismissal was referred to Judge Liman for approval, as follows:

> NOTICE TO COURT REGARDING STIPULATION OF VOLUNTARY DISMISSAL Document No. [146] Stipulation of Voluntary Dismissal was reviewed and referred to Judge Lewis J. Liman for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety; the plaintiff(s) filed their voluntary dismissal in a Fair Labor Standards Act (FLSA) case. (dt)

Plaintiffs' stipulated dismissal of co-Defendant Mimi Si is self-effectuating and does not require the Court's approval to take effect since it is without prejudice, Cheeks, supra.

6

To the extent that Plaintiffs' stipulated dismissal of co-Defendant Mimi Si requires Court approval, Shanghai Defendants request that the Court approve said dismissal since it is not part of any FLSA / NYLL settlement, it is entered into after completion of discovery which failed to disclose any evidence that Mimi Si was any Plaintiff's employer or that Mimi Si acted as any Plaintiff's employer within the meaning of the FLSA / NYLL, there is no abuse or overreaching and the parties were represented by counsel of their choice.

**b. The Jury Demands Should Be Stricken Since Plaintiffs Filed a Stipulation Waiving a Jury – Mimi Si Is No Longer a Party - There Was No Justifiable Reliance on Mimi Si's Demand – No Party Has a Reasonable Expectation of a Jury Trial Protected Under Rules 38 and 39 - and There Are No Other <u>Equitable Considerations Requiring a Jury</u>**

**i.    The Applicable Legal Standard**

The procedure for demanding a trial by jury is governed by FRCP 38 and 39, which provide, in part, as follows:

Rule 38 – Right to a Jury Trial; Demand
. . .
(b) **Demand**. On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).
. . .
(d) **Waiver; Withdrawal**. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Rule 39. Trial by Jury or by the Court
(a) **When a Demand Is Made**. When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
(1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
(2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.
(b) **When No Demand Is Made**. Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint. If the original complaint is subsequently amended, the right to demand a jury trial is revived only if the amendment changes the issues – the failure to demand a jury trial waives the right as to all issues relating to the general area of dispute, Lanza v Drexel & Co., 479 F2d 1277, 1310 (2nd Cir. 1973).

Rule 38 embodies the equitable principles of reasonable reliance for a party seeking to invoke the jury trial right and adequate notice for the other parties in an action, and these principles allow the federal courts some latitude in enforcing the Rule so as to satisfy justifiable expectations while avoiding undue surprise, Rosen v Dick, 639 F.2d 82, 87 - 88 (2d Cir. 1980). When applying the Rule and inquiring into reliance and notice, a court should start by measuring the parties' overt acts and their significance under the literal terms of the Rule. For a party probably cannot demonstrate the reasonableness of his or her reliance if the Rule has not been followed, nor can an opponent of a jury trial challenge the adequacy of notice if the Rule has been complied with, id. at 88. Rule 38(d) protects a party's justifiable reliance on another party's demand, id. at 101.

A party may waive a jury before the expiration of the 14-day period provided in Rule 38 – and a waiver before Rule 38's 14-day period has run should be based on nothing less than an affirmative representation by the party himself, or by his duly authorized counsel, id. at fn. 11. A waiver before Rule 38's 14-day period has run should be based on the same objective standard for retracting an existing jury demand. Retraction of a jury demand is governed by Rules 38(d) and 39(a). Rule 38(d) states that "(a) demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Similarly, Rule 39(a) provides, in pertinent

8

part: "[t]he trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury", id. at 90.

In State Mutual Life Assurance Company of America v Arthur Anderson & Co., 581 F.2d 1045, (2nd Cir. 1978), Defendant Anderson failed to demand a jury, however, Anderson impleaded third-party defendants who then demanded a jury trial of all issues in the third-party complaint and in the main action. The question arose whether Anderson was bound by the automatic waiver provision in Rule 38(d). The Second Circuit stated:

> "The purpose of Rule 38(d) is to insure that a party who foregoes making a timely jury demand in reliance upon the demand of another party does not lose its opportunity for a jury trial by the other party's withdrawal. (Citation omitted). Andersen is not in this position; its waiver of a right to a jury trial was not based on any reliance on another party jury demand. When it waived, no party in the case had made a demand for a jury. Although the joinder of Empire, standing alone, might not have restored Andersen's jury trial rights, Empire's timely demand for a jury trial of the same issues as those that would otherwise have been tried without a jury between the original parties (plaintiffs and Andersen), and of issues that are mutually dependent upon proof of the same claims asserted by plaintiffs against Andersen, radically altered the situation before the district court. Interests of fairness, judicial economy, and consistency in results dictated that, to the extent permitted by the Federal Rules, identical or mutually dependent issues be resolved by one fact-finder, whether it be jury or judge, rather than by two or more separate bodies." Id. at 1050.

Finally, parties in default such as Defendant Solomon C. Liou are not entitled to a jury on the issue of damages, Manno v Tennessee Production Center, Inc., 657 F.Supp.2d 425 (S.D.N.Y. 2009).

### ii. The Court Should Strike the Jury Demands

The Court should measure Plaintiffs' overt acts and their significance under the literal terms of the Rule, as instructed by Rosen, supra. Here, Plaintiffs have run afoul of the automatic waiver provision of Rule 38(d) – by failing diligently to serve and file a jury demand in the original complaint, in the FAC or within 14 days after Shanghai Defendants filed their Answer to

9

the FAC.  Plaintiffs also failed to serve and file a jury demand within 14 days after Mimi Si filed her Answer to the FAC.  Instead, with ample delay, Plaintiffs filed a much belated Demand for Jury Trial more than three months later.

Further, and more decisively, Plaintiffs prepared, served and filed the parties' Joint Proposed Civil Case Management Plan and Scheduling Order on December 16, 2019, stating "[t]his case is not to be tried to a jury", (Doc 50, ¶10).  The representation and filing of the Proposed Civil Case Management Plan and Scheduling Order was intended to govern how the case would be managed – including a statement whether the case is to be tried with or without a jury - and constitutes Plaintiffs' affirmative, formal, purposeful waiver of a jury of all issues in the FAC – and certainly all issues between Plaintiffs and Shanghai Defendants in the FAC and Shanghai Defendants' Answer to the FAC.  The Plaintiffs' and Shanghai Defendants' mutual waiver of a jury as to all issues between them was based on their written stipulation contained in the Joint Proposed Civil Case Management Plan and Scheduling Order prepared and filed by Plaintiffs with the Court.  The Court incorporated Plaintiffs' and Shanghai Defendants' written stipulation and express waiver of a jury trial in the Case Management Plan and Scheduling Order and directed "[t]his case is not to be tried to a jury." (Doc 57, ¶10).  A scheduling order may be modified only for good cause and with the judge's consent, Rule 16(b)(4) – and good cause is not established through Plaintiffs' dilatory conduct and purposeful waiver of a jury.

As noted, the purpose of Rule 38(d) is to insure that a party who foregoes making a timely jury demand in reliance upon the demand of another party does not lose its opportunity for a jury trial by the other party's withdrawal.  Plaintiffs are not in this position.  Plaintiffs did not rely – and cannot claim justifiable reliance – on Mimi Si's demand at the time it was served or at the present time.  Plaintiffs affirmatively and unequivocally waived a jury as to all issues in

the FAC by written stipulation filed with the court before Defendant Mimi Si answered the FAC and demanded a jury. There was no reliance by Plaintiffs – justifiable or otherwise – on Mimi Si's demand at any time. Plaintiffs have no reasonable expectation of a jury trial requiring or deserving Rule 38(d) protection. Enforcing and holding Plaintiffs to their formal, affirmative and unequivocal waiver does not violate equitable principles of reasonable reliance – does not infringe upon Plaintiffs' justifiable expectations - or result in undue surprise.

Similarly, at this juncture, Mimi Si has no reasonable expectation of a jury trial requiring or deserving Rule 38(d) protection. Since Plaintiffs voluntarily dismissed Mimi Si without prejudice, the issues concerning Mimi Si are moot and will not be tried before any fact finder. Mimi Si no longer has the status of a party relying on her own demand. Mimi Si's demand is irrelevant and moot as to herself. Striking the demand will not violate equitable principles of reasonable reliance – will not infringe upon Mimi Si's justifiable expectations - or result in undue surprise. There is no justifiable reliance on any jury demand by any party that creates any concerns about dual fact finders, the necessity of separate trials, judicial economy or consistency in results.

No party going to trial has a right to a jury. The only issues to be tried are the issues between Plaintiffs and Shanghai Defendants – on which issues the parties have stipulated to waive a jury.

Further, Plaintiffs' purported jury demand dated April 24, 2020 was served more than 3 months after Mimi Si's Answer to the FAC – long after Rule 38's 14-day period expired – and was therefore untimely. Plaintiffs' purported jury demand dated April 24, 2020 was served more than 4 months after Plaintiffs stipulated to waive a jury - and therefore was ineffective. Nor have Plaintiffs sought to be relieved of their stipulation in more than two years.

Plaintiffs' service of the CAC retained the same issues in the FAC – did not raise any new issues - and did not extend the time of any party to file a jury demand with respect to any issue.  Mimi Si's second jury demand in her Answer to the CAC was superfluous and had no legal effect since courts do not require the formal making of a superfluous second demand, Rosen, supra. at 91.  In any event, all issues relating to Mimi Si are moot and not part of this trial.

### IV.    CONCLUSION

For all of the foregoing reasons, all jury demands should be stricken..

Dated: June 7, 2022
       New York, New York

By: s/David B. Horowitz, Esq.
Robert Wong, Esq. (RW-l505)
David B. Horowitz, Esq. (DH-1890)
FONG & WONG and Wu, PLLC
Attorneys for Defendants
SHANGHAI CITY CORP. d/b/a Joe's Shanghai,
SHANGHAI DUPLICATE CORP. d/b/a Joe's Shanghai,
EAST BROTHER CORP. d/b/a Joe's Shanghai,
SHANGHAI ORIGINAL, INC. d/b/a Joe's Shanghai,
KIU SANG SI a/k/a Joseph Si a/k/a Joe Si,
YIU FAI FONG, TUN YEE LAM a/k/a Peter Lam
GUI BING SHI, WILLIAM KO, YUN CAI, JOHN
ZHANG and TERRY HO
802 64th Street, Suite 2A
Brooklyn, New York 11220
(718) 567-8888
Fax: (212) 334-6759
Email: rww@fwatty.com, rwong@fwwlawyers.com,
       dh@fwatty.com, dh@fwwlawyers.com