```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
HUER HUANG, et al.,                                              :
                                                                 :
                              Plaintiffs,                        :
                                                                 :         19-cv-7702 (LJL)
              -v-                                                :
                                                                 :         MEMORANDUM AND
SHANGHAI CITY CORP, et al.,                                      :              ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendants move to strike Plaintiffs' jury demands pursuant to Federal Rule of Civil Procedure 38 and 39(a)(1). Dkt. No. 196. Defendants also move for approval of the stipulation of voluntary dismissal of co-defendant Mimi Neng, named in this action as Mimi Si.[1] *Id.* On June 24, 2022, the Court orally denied Defendants' motion to strike.

This Memorandum and Order sets forth the Court's reasoning with respect to the motion to strike. It also grants the motion to approve the voluntary dismissal of defendant Mimi Si.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are employees who worked at one of two restaurants sharing the name Joe's Shanghai. One restaurant is located on West 56th Street in Manhattan, New York ("Midtown Restaurant"). The other restaurant is located in Flushing, Queens, New York ("Flushing Restaurant"). Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, 650 *et seq.*

---

[1] The Court will refer to this defendant as Mimi Si throughout this Memorandum and Order.

The lengthy and complicated procedural history of this case has been described in prior opinions, familiarity with which is assumed. *See Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580 (S.D.N.Y. May 11, 2020); *Huer Huang v. Shanghai City Corp*, 2020 WL 5849099 (S.D.N.Y. Oct. 1, 2020); *Huang v. Shanghai City Corp*, 2022 WL 1468450 (S.D.N.Y. May 10, 2022). Certain parts of that procedural history are particularly relevant to this motion.

The first complaint in this action was filed on August 16, 2019. Dkt. No. 1. No defendant answered. On October 8, 2019, Plaintiffs filed a first amended complaint (the "First Amended Complaint"). Dkt. No 17.[2] Neither pleading contained a jury demand. On November 18, 2019, the "Shanghai Defendants" filed their answer to the First Amended Complaint. Dkt. No. 41.[3] The answer did not contain a jury demand. On December 5, 2019, co-defendant Lilian Liou ("Liou") filed an answer to the First Amended Complaint. Dkt. No. 48. Liou's answer also did not contain a jury demand.

On December 16, 2019, Plaintiffs' counsel filed a proposed Civil Case Management Plan and Scheduling Order. Dkt. No. 50. The proposed order checked the box that the case "is not to be tried to a jury." *Id.* at 3. On December 19, 2019, Judge Schofield, to whom the case was then assigned, signed the Civil Case Management Plan and Scheduling Order (the "Case Management Order"), making certain changes to the proposed order submitted by Plaintiffs. Dkt. No. 57.

---

[2] Plaintiffs attempted to file the First Amended Complaint on August 23, 2019 and again on October 7, 2019. Both pleadings were rejected by the Clerk's Office as deficient. Dkt. Nos. 6, 16.

[3] The Shanghai Defendants are Shanghai City Corp d/b/a Joe's Shanghai ("Shanghai City"), Shanghai Duplicate Corp d/b/a Joe's Shanghai ("Shanghai Duplicate"), East Brother Corp d/b/a Joe's Shanghai ("East Brother"), Shanghai Original Inc. d/b/a Joe's Shanghai ("Shanghai Original"), Kiu Sang Si a/k/a Joseph Si a/k/a Joe Si ("Si"), Yiu Fai Fong ("Fong"), Tun Yee Lam a/k/a Peter Lam ("Lam"), Gui Bing Shi, William Ko, John Zhang ("Zhang"), and Terry Ho ("Ho").

Judge Schofield's Order, like the proposed order, stated that the case "is not to be tried to a jury." *Id.* at 3.

On January 17, 2020, co-defendant Mimi Si, filed her answer to the First Amended Complaint. Dkt. No. 62. That answer contained a jury demand "on all issues." *Id.* at 36.

On April 24, 2020, Plaintiffs' counsel filed a jury demand, stating that "Plaintiffs, pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, hereby demand a trial by jury on all issues so triable in this matter." Dkt. No. 89.

On May 11, 2020, the Court issued an Opinion and Order granting a motion for judgment on the pleadings in favor of the defendants affiliated with a restaurant location in Chinatown—Liou, Cheng Kueng Liu, Yun Cai, Zhang, Ho, and Shanghai Duplicate. *Huer Huang*, 459 F. Supp. 3d at 597. At the same time, it ordered Plaintiffs to "file a corrected complaint with properly numbered paragraphs" and cautioned that "[t]he corrected complaint shall not contain any changes to the wording of the" First Amended Complaint. *Id.* Plaintiffs filed their corrected amended complaint (the "Corrected Amended Complaint") on May 21, 2020; consistent with the Court's order that there not be any changes to its wording, the Corrected Amended Complaint did not contain a jury demand. Dkt. No. 103. On June 1, 2020, the Shanghai Defendants filed an answer to the Corrected Amended Complaint. Dkt. No. 105. Their answer did not contain a jury demand. *Id.* Mimi Si filed her answer to the Corrected Amended Complaint on June 11, 2020; that answer contained a jury demand. Dkt. No. 114.

On September 3, 2020, Plaintiffs filed a stipulation voluntarily dismissing Mimi Si without prejudice, ostensibly pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Dkt. No. 146. The stipulation was reviewed by the Clerk's Office and referred to the Court for approval because the dismissal did not dismiss all of the parties or the action in its entirety—the

situations in which Rule 41(a)(1)(A)(ii) applies—and because it was a dismissal in a FLSA case, which may require Court approval.

Certain deadlines in the Case Management Order have been adjourned multiple times throughout this litigation, *see* Dkt. Nos. 68, 83, 85, 116, including in response to the request of Plaintiffs, *see* Dkt. No. 81.  Plaintiffs have never moved to modify the provision of the Case Management Order that the case is to be tried to the bench.  Trial in this case is scheduled for July 11, 2022.

## DISCUSSION

On June 8, 2022, the Shanghai Defendants and Yun Cai filed a motion seeking an order pursuant to Rule 41(a)(1)(A)(ii) approving Plaintiffs' stipulation of voluntary dismissal of Mimi Si and an order pursuant to Rule 38 and 39(a)(1) striking the jury demands made in this matter.  The Court addresses each in turn.

**I.     Dismissal of Mimi Si**

Mimi Si was named as a defendant in the First Amended Complaint and the Corrected Amended Complaint on the theory that—based on the economic reality test, *see Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013)—she was Plaintiffs' employer.  Dkt. No. 103 ¶¶ 58–59.  Mimi Si denied those allegations and asserted an affirmative defense that she was not a "covered employer" under FLSA or NYLL.  Dkt. No. 114 ¶¶ 58, 59, 259, 263, 265, 270–273, 277–279, 285, 287–292, 295–297, 300, 325.  Defendants represent, without contradiction, that Plaintiffs agreed to dismiss Mimi Si as a defendant when discovery revealed that she "had no involvement in the management of the Midtown restaurant other than holding the Midtown liquor license and . . . had no involvement in the management of the Flushing restaurant."  Dkt. No. 198 at 6.  Defendants further state that "said dismissal . . . is not part of any FLSA/NYLL settlement, it is entered into after completion of discovery which failed to disclose any evidence that Mimi Si

4

was any Plaintiff's employer or that Mimi Si acted as any Plaintiff's employer within the meaning of the FLSA/NYLL, there is no abuse or overreaching and the parties were represented by counsel of their choice." *Id.* at 7. Plaintiffs do not dispute the facts asserted by Defendants, and they consent to the dismissal of Mimi Si. *See* Dkt. No. 201 at 4.

A Rule 41(a)(1)(A)(ii) stipulation of dismissal of FLSA claims is not self-effectuating but must be approved by the Court. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022).[4] However, "such review may be quite limited"; it may simply require "confirmation that no settlement existed." *Id.* at 811; *see Yu v. Ollies44 LLC*, 2022 WL 329213, at *1 (S.D.N.Y. Feb. 3, 2022) ("When a Plaintiff files a notice of voluntary dismissal under Rule 41(a)(1)(A)—whether with prejudice or without prejudice—a district court is to inquir[e] as to the existence of any FLSA settlement. If so, a district court is to engage in a *Cheeks* fairness review, and if not, the notice of dismissal should be so-ordered." (internal citations and quotations omitted)). The Court assumes—without deciding—that *Cheeks* review is required when dismissal is for fewer than all of the parties, which is governed by Rule 21 and not Rule 41. *See Harvey Aluminum v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) (explaining that Rule 41(a)(1) provides for the voluntary dismissal of an action, while Rule 21 provides that parties may be dropped by order of the court on motion, so Rule 21 should be used to eliminate a party). Here, Defendants represent without contradiction that there is no settlement and that Si

---

[4] Technically, *Samake* held that judicial review is required of Rule 41(a)(1)(A)(i) notices of dismissal without prejudice, and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), held that judicial review is required of Rule 41(a)(1)(A)(ii) stipulations of dismissal with prejudice. The logic of *Samake*, however, extends to Rule 41(a)(1)(A)(ii) stipulations of dismissal without prejudice. *Samake* concluded that "the same result [that the court retains jurisdiction to review and approve (or reject) a FLSA settlement] is warranted when the dismissal is effected unilaterally under Rule 41(a)(1)(A)(i) as when dismissal is effected by stipulation of all parties under (A)(ii). *Samake*, 24 F.4th at 810.

5

was dismissed because discovery indicated that she did not have any liability under either FLSA or NYLL. Accordingly, under *Samake*, the Court's job is done and the stipulation of dismissal is approved.

## II.   Motion to Strike the Jury Demand

Federal Rule of Civil Procedure 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). Thus, "a jury demand is effective if indorsed on the pleadings and timely served and filed." *Chem. Bank v. Affiliated FM Ins. Co.*, 1994 WL 719681, at *6 (S.D.N.Y. Dec. 28, 1994).

Rule 39(a), in turn provides that "[w]hen a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action." Fed. R. Civ. P. 39(a). The rule is indifferent to the party making the demand. Once one party has made a jury demand, no other party need make a second demand for the action to be designated "jury action" and in order to preserve its jury trial right. That is, "[o]nce a proper jury demand is made, all other parties affected by the demand may also rely on it." *Texas v. Penguin Grp. (USA) Inc.*, 2013 WL 1759567, at *6 (S.D.N.Y. Apr. 24, 2013). Thus, "courts will not require the formal making of a superfluous second demand, nor will they penalize a party who has reasonably relied on an existing demand." *Rosen v. Dick*, 639 F.2d 82, 91 (2d Cir. 1980). Each other party is entitled to rely on the jury demand for all issues specified in that demand.

It is not disputed that defendant Mimi Si made a proper jury demand in this case. In her answers to the First Amended Complaint and the Corrected Amended Complaint, Mimi Si demanded a trial by jury on all issues. *See* 8 Moore's Fed. Prac. § 38.50[3][b][iii] ("A jury demand is timely if served within 14 days after the last defendant has served its answer."). Once

Mimi Si made that demand, all Plaintiffs—and not just Mimi Si—were entitled to rely on that demand. They need not have made their own jury demand within the fourteen days after Mimi Si's pleading—"the last pleading directed to the issue." Fed. R. Civ. P. 38(b). The issues upon which Mimi Si demanded a jury—"all issues" in the complaint—are the same as those on which Plaintiffs seek a jury trial. Plaintiffs could thus "rely reasonably on [Mimi Si's] demand." *Rosen*, 639 F.2d at 92. Since "the first demand covered [Plaintiffs'] jury issues," Plaintiffs were not required to make another demand that would be "superfluous." *Id.*; *see also* 8 Moore's Fed. Prac. § 38.52[2][c][i] ("Once one party files a demand, other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands.").[5]

Moreover, contrary to Defendants' argument, Plaintiffs' right to a jury trial was not defeated by Defendants' dismissal of Mimi Si as a party to this action. *See YJR Enters., Inc. v. Twin Cnty. Grocers*, 709 F. Supp. 499 (S.D.N.Y. 1989); 8 Moore's Fed. Prac. § 38.52[2][c][i]. Plaintiffs' right to a jury trial was secure once Mimi Si made the proper jury demand (and, on the basis of that demand, Plaintiffs eschewed making their own demand). Under Rule 38(d), "[a] jury demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). The rule "gives each party an effective veto over the withdrawal of a jury demand . . . to the extent that a particular party would have been entitled to rely on the demand that is, to the extent that the first demand covered the party's jury issues." *Rosen*, 639 F.2d at 92; *see* 8 Moore's Fed. Prac. § 38.50[10][d] ("Although Rule 38(d) gives each party an effective veto over the withdrawal of a jury demand, consent is required only to the extent that a particular party would have been

---

[5] It is therefore immaterial that Plaintiffs' written demand was filed outside of the fourteen-day window provided by Rule 38—once Mimi Si made a demand, "[t]he trial on all issues so demanded must be by jury" so long as there is a right to a jury trial—unless and until there has been a withdrawal of the demand on the parties' consent or the parties stipulate to a nonjury trial. Rule 39(a).

entitled to rely on the demand, that is, to the extent the demand covered that party's jury issues."). Rule 38(d)'s requirement that a properly made demand may be withdrawn only on consent of the parties "ensures that one party may rely on another's jury demand." *Rosen*, 639 F.2d 82, 91 (2d Cir. 1980). In a similar vein, Rule 39(a) provides that when a jury demand has been made, the trial on all issues "so demanded must be by the jury unless (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulation on the record; or (2) the court, on motion or on its own, finds that some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). Once one party has made a demand, all others are entitled to rely upon it with respect to the issues specified; the right cannot be defeated by the expedient of the party resisting a jury trial settling with or dismissing the specific party who has demanded the jury trial.

Defendants argue that "[a] party may waive a jury before the expiration of the 14-day period provided in Rule 38," Dkt. No. 198 at 8, and that Plaintiffs waived their right to a jury trial by selecting the option that this case "is not to be tried to a jury" in their proposed Civil Case Management Plan and Scheduling Order that they submitted to the Court, *id.* at 10; *see also* Dkt. No. 50.

While "[t]he right to trial by jury is a fundamental constitutional right," it is a right that "can be waived." *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 306 (2d Cir. 1986). "[I]n addition to a waiver that conforms exactly with Rule 39(a), the right to jury trial may be waived by conduct of the parties"; however, "the conduct said to constitute a waiver must be clear and unequivocal, as waivers are never to be lightly inferred." *Tray-Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65, 68 (2d Cir. 1993). Because "[t]e right to a trial by jury is a fundamental

8

right, . . . the courts will indulge every reasonable presumption against waiver of that right." 8 Moore's Fed. Prac. § 38.52[1][a].

The argument misreads Rules 26(f), 16(b), and 39(a)(1). The proposed case management plan submitted by Plaintiffs—but not by Mimi Si—was not a stipulation and, without more, cannot on these facts be understood to constitute a waiver of Plaintiffs' jury trial rights. It was a proposed discovery plan under Rule 26(f). It stated the "parties' views and proposals" on discovery. Fed. R. Civ. P. 26(f)(3). It did not constitute a stipulation of all parties, binding on the parties and on the Court, nor did it constitute a Rule 39(a)(1) stipulation by all parties. As this Court has recently explained, "a case management plan, by its terms, is inherently provisional," and a proposal for a case management plan is just that—a proposal. *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2022 WL 1515120, at *4 (S.D.N.Y. May 13, 2022). Case management plans are "always subject to modification 'for good cause and with the judge's consent.'" *Id.* at *4 (quoting Fed. R. Civ. P. 16).

The Court's signature on the Case Management Order, entered before the last pleading directed to the issue and before Mimi Si's answer, does not control how the case is to be tried now, after Mimi Si's answer and jury demand. Rule 39(a) provides, without exception and in mandatory language, that when a jury trial has been demanded "the action *must* be designated on the docket at a jury action." Fed. R. Civ. P. 39(a) (emphasis added). It follows that once that demand was made, the designation on the Case Management Order of this case as a non-jury matter was necessarily superseded. Defendants themselves concede that the Case Management Order's designation of the case as a non-jury matter would not have been binding on Mimi Si. Her jury demand, properly made, gave her the right to a jury trial. No motion for modification of the Case Management Order need have been made by her. The same is true of all other parties

by operation of Rule 39.  If Mimi Si had not been dismissed from the case, all parties would have had the right to a jury trial on the issues designated by Mimi Si regardless whether they made their own jury demand.  They need not themselves have made a motion for the case management plan to be modified.  The fact that Mimi Si is no longer in the case is irrelevant.  The Case Management Order—once superseded by Mimi Si's jury demand—remained superseded.[6]

The facts of this case are thus materially different from those in which the Court enters a case management plan *after* the last pleading directed to the issue has been served and in which there is no subsequent and superseding designation under Rule 39(a).  In that instance, the case management plan may continue to "contro[l] the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  In this case, the Case Management Order's designation of the case as a non-jury action was modified as a matter of law.

Defendants are on strongest ground when they argue that Plaintiffs' submission of the proposed case management plan should be considered to be a waiver as to them.  Under this argument, the Court-ordered Case Management Order might not have been sufficient to divest any other party who relied on Mimi Si's jury demand of the right to a jury but would be sufficient to waive Plaintiffs' right in the circumstances, present here, where no other party wants a jury trial.  But the fact that Defendants are on strongest ground does not mean they are on solid ground.  A case management plan "may reflect a party's understanding at a particular moment in time confronted with a particular set of circumstances.  It does not necessarily and invariably commit the party to a particular position without regard to developments in the future of the litigation."  *Town & Country Linen Corp.*, 2022 WL 1515120, at *4; *cf.* 8 Moore's Fed. Prac.

---

[6] The Court would find that good cause existed to modify the Case Management Order if that were required based on Mimi Si's demand and Plaintiffs' reasonable understanding that the demand satisfied any obligations Plaintiffs had under Rule 38.

§ 38.50[3][b][i] (explaining that providing a litigant fourteen days after the last pleading directed at the issue to demand a jury "enables counsel to reflect on the various factors which should be considered in deciding whether to demand a jury"). Plaintiffs did not "clearly and unequivocally" waive their right to a jury. *See Tray-Wrap*, 984 F.2d at 68. To the contrary, the only action they took with respect to the jury-trial right after Mimi Si made her jury demand was to file their own demand for a jury. Although that demand would not have been sufficient to secure for Plaintiffs the right to a jury in the absence of Mimi Si's demand, it does undermine any argument that Plaintiffs have clearly and unequivocally waived the right that they obtained—once Mimi Si served her demand—to have this case tried to a jury.

The cases cited by Defendants—none of which address the precise question here—are not to the contrary. In *State Mutual Life Assurance Company of America v. Arthur Andersen & Co.*, 581 F.2d 1045 (2d Cir. 1978), the Second Circuit held that parties who previously waived a jury were entitled to a jury retrial of certain claims that the jury could not reach a verdict for in a first trial. In that case, defendant Arthur Andersen asserted that a jury trial was required as to all claims and issues between all parties—including cross-claimants and third-party defendants—even though Andersen itself had never demanded a jury trial and there was no jury demand made between Andersen and the initial plaintiffs in the case. *Id.* at 1047–48. The Second Circuit observed that, because "neither Andersen nor the plaintiffs made a timely demand for a jury, . . . they waived whatever jury right they may have had at the outset of the case," but that a timely demand for a jury trial of a party that had later been joined "radically altered the situation before the district court" such that "[i]nterests of fairness, judicial economy, and consistency in results dictated that, to the extent permitted by the Federal Rules, identical or mutually dependent issues be resolved by one fact-finder"—here, the jury that was properly demanded. *Id.* at 1049–50.

11

The Circuit thus held that "the same principles that militated in favor of a jury trial of all issues in the first place call for a jury retrial, in the absence of an agreement by all parties for a non-jury retrial of those issues." *Id.* at 1050 (citing Rule 38(d)).  Here, too, the timely demand for a jury trial by Mimi Si altered whatever waiver, if any, may have occurred before she made that demand and permitted Plaintiffs to rely on that "in the absence of an agreement of all parties for a non-jury []trial of those issues." *Id.*

Nor does *Rosen* support the outcome urged by Defendants.  In *Rosen*, the Circuit noted that it had previously recognized that "a waiver before Rule 38's [then] 10-day period has run should be based on nothing less than an affirmative representation by the party himself, or by his duly authorized counsel" and then held, "[b]y the same token, . . . that a retraction must be based upon the express acts required by Rules 38(d) and 39(a)." *Rosen*, 639 F.2d at 90 n.11.  For the reasons already stated by the Court, even if Plaintiffs had would have waived their right to a jury trial in the absence of Mimi Si's demand, that situation was changed by Mimi Si's properly filed demand, on which Plaintiffs were permitted to rely.  In that case, a retraction is needed, and, as the *Rosen* court recognized, that "retraction must be based upon the express acts required by Rules 38(d) and 39(a)." *Id.*  Such acts did not occur here.

Because Plaintiffs were entitled to rely on Mimi Si's jury demand, and because there was no effective withdrawal of that demand once it was made, the trial must proceed by jury under Rule 39(a).

## CONCLUSION

The motion to dismiss Mimi Si is GRANTED, and the motion to strike is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 196.

SO ORDERED.

Dated: June 27, 2022
      New York, New York

                                               LEWIS J. LIMAN
                                       United States District Judge